UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  09-23473-CIV-COOKE
Criminal Case No. 04-20487-CR-COOKE

GARY K. WILSON,

    Petitioner

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION TO VACATE

THIS MATTER is before me on Petitioner Gary K. Wilson's Motion to Vacate pursuant to 28 U.S.C. § 2255.  (CIV-ECF No. 1; CR-ECF No. 544).  I have reviewed the motion, the Government's response (CIV-ECF No. 10), Wilson's reply thereto (CIV-ECF No. 13), and all pertinent portions of the underlying criminal file (*United States v. Wilson, et al.*, Case No. 04-20487-CR-COOKE).  For the reasons explained below, the Motion to Vacate is denied.

### PROCEDURAL HISTORY

On February 24, 2005, Gary K. Wilson, Anthony Collins, Charles Wooten, Castra Pierre-Louis, Harold Wiggins, Larry Green and Gena Wiggins were charged by a five-count Superseding Indictment for drug related charges and a charge of conspiracy to commit robbery and extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a).  (*Superseding Indictment* CR-ECF No. 220).  Wilson, specifically, was charged with conspiracy with intent to distribute five kilograms or more of cocaine and fifty grams or more of a mixture substance containing cocaine base (Count 1), conspiracy to commit robbery and extortion (Count 2), and attempted possession with the intent to distribute five kilograms or more of a mixture of substance containing a

detectable amount of cocaine (Count 3). (*Id.*). On July 5, 2005, Wilson was convicted on all three counts. (*Jury Verdict*, CR-ECF No. 387). The Government sought to enhance Wilson's sentence with two prior 1997 convictions for felony cocaine possession. (*See Notice of Intent to Introduce Prior Convictions*, CR-ECF Nos. 325). During the sentencing hearings, Wilson challenged the propriety of the Court's use of the prior convictions to enhance his sentence. (*See Mem. of Law re Issues Raised at Oct. 19, 2005 Sentencing Hr'g*, CR-ECF No. 434). The Court concluded that 21 U.S.C. § 851(e) barred Wilson from challenging the validity of any prior conviction used for his sentencing enhancement. Accordingly, on November 9, 2005, Wilson was sentenced to a term of thirty years on Count 1, twenty years on Count 2, and a mandatory life sentence on Count 3. (*Judgment as to Gary K. Wilson*, CR-ECF No. 447).

On direct appeal, Wilson challenged the Court's denial of his motion to dismiss the Superseding Indictment and motion to suppress wiretap evidence. (*See Mandate of USCA Affirming Judgment of District Court as to Gary K. Wilson*, CR-ECF No. 536). No other challenges were made. Wilson now moves to vacate his sentence on the ground that he was denied effective assistance of counsel where his lawyer failed to appeal the following three issues: (1) the potential prejudice resulting from Wilson staring at jurors during trial; (2) the Court's order to shackle Wilson for the duration of the trial; and (3) the use of Wilson's prior convictions for sentencing enhancement.

## DISCUSSION

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance – that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice – but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc).  The standard is the same for claims of ineffective assistance on appeal. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987).  There is no reason for a court to approach the inquiry in any specific order, or even to address both components of the inquiry if the defendant makes in inefficient showing on one.  *Strickland*, 466 U.S. at 697.  Thus, a court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied.  *Id.* at 697; *Waters v. Thomas*, 46 F.3d 1506, 1510 (11th Cir. 1995).

A prisoner who collaterally attacks his convictions can establish cause for procedural default if he can show that his attorney's performance failed to meet the *Strickland* standard. *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997).  Review of a counsel's conduct, however, is to be highly deferential.  *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994).  "Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."  *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992).  Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitions can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.2d 384, 386 (11th Cir. 1994).  However, an appellate counsel's performance is prejudicial if it found that the neglected claim would have had a "reasonable probability of success on appeal."  *Philmore v. McNeil*, 575 F.3d 1251, 1264-65 (11th Cir. 2009) (citing *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991)).

**A.  Claim One – Failure to Appeal Jury Bias**

Wilson asserts that he was denied effective assistance of counsel where his appellate lawyer failed to raise the issue of jury bias on appeal.  "In a criminal case, any private

communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is … deemed presumptively prejudicial." *United States v. Khanani*, 502 F.3d 1281, 1291 (11th Cir. 2007) (citing *Remmer v. United States*, 347 U.S. 227, 229(1954) and *McNair v. Campbell*, 416 F.3d 1291, 1307 (11th Cir. 2005)).  A new trial is mandated if a juror's exposure to extraneous material or influence "poses a reasonable possibility of prejudice to the defendant." *Id.* (citing *United States v. Rowe*, 906 F.2d 654, 656 (11th Cir. 1990)).  To trigger the presumption, a defendant must establish that an extrinsic contact with a jury, in fact, occurred. *United States v. Caporale*, 806 F.2d 1487, 1503 (11th Cir. 1986).  Where a defendant raises a colorable claim of extrinsic or extraneous influence, a court must conduct a hearing to "investigate the asserted impropriety." *See Remmer*, 347 U.S. at 229; *United States v. Winkle*, 587 F.2d 705, 714 (5th Cir. 1979).[1]  "[A]n adequate demonstration of extrinsic influence upon the jury overcomes the presumption of jury impartiality; it shifts the burden to the Government to demonstrate that the influence was not, in fact, prejudicial." *Winkle*, 587 F.2d at 714.  "The factual determination of whether consideration of extrinsic evidence caused the defendant prejudice is committed to the trial court's 'large discretion.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1472 (11th Cir. 1992) (citation omitted).

Wilson maintains that several jurors expressed concern about the staring and that the Court informed Wilson's trial counsel that "evidently the way your client looks at the jury is making them nervous." (*See* CIV-ECF No. 1 at 14).  Wilson claims that staring at the jurors created a grave risk of prejudice.  I disagree.  "When a defendant stares at a juror during the course of his trial, he has introduced no outside contact with, nor special information about, a

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

party or witness." *United States v. Owens*, 426 F.3d 800, 805 (6th Cir. 2005); *see also United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001) (upholding district court's decision not to question juror after complaint that defendant stared during trial because such conduct did not constitute outside influence).  Although the Eleventh Circuit is silent as to whether staring constitutes an "extrinsic influence" which would in turn trigger a court's obligation to conduct a *Remmer* hearing, the Eleventh Circuit has held that locking eyes with a defendant on one occasion would not affect jury deliberations and, "even assuming an extrinsic contact with a jury in fact, occurred, it was not prejudicial." *Khanani*, 502 F.3d at 1292.  Given the existing law in the Third, Sixth and Eleventh Circuits, the Court had no duty to conduct a *Remmer* hearing.  Wilson has thus failed to establish a lack of reasonableness or prejudice arising from counsel's failure to pursue this argument on appeal.  There has been no showing that the result of the proceeding would have been different had counsel presented this argument on appeal.  Therefore, Wilson is not entitled to relief on claim one.

**B. Claim Two – Failure to Appeal Court's Order to Have Wilson Shackled During Trial**

In claim two, Wilson asserts that he was denied effective assistance of counsel where his appellate lawyer failed to appeal the Court's order to have Wilson shackled throughout the duration of trial.  Wilson, however, presents no legal or factual argument to effectively demonstrate how the shackles deprived him of his right to a fair trial.

"[T]he presumption of innocence is an integral part of a criminal defendant's right to a fair trial." *U.S. v. Durham*, 287 F.3d 1297, 1304 (11th Cir. 2002) (citing *Estelle v. Williams*, 425 U.S. 501, 503 (1976)).  "The presence of shackles and other physical restraints on a defendant ted to erode this presumption of innocence." *Id.* (citing *United States v. Mayes*, 158 F.3d 1215, 1225 (11th Cir. 1998)).  "Under some circumstances, [however,] shackling 'is necessary for the

5

safe, reasonable and orderly progress of trial.'" *United States v. Mayes*, 158 F.3d 1215, 1225 (11th Cir. 1998) (citation omitted). The use of physical restraints that are visible to a jury are constitutionally prohibited, unless, a trial court, in its discretion, concludes that such restraints are justified by a specific state interest in a particular trial. *Deck v. Missouri*, 544 U.S. 622, 629 (2005). "Courtroom security is a competing interest that may, at times, 'outweigh a defendant's right to stand before the jury untainted by physical reminders of his status as an accused.'" *Mayes*, 158 F.3d at 1225 (quoting *Allen v. Montgomery*, 728 F.2d 1409, 1413 (11th Cir. 1984)). Trial judges have reasonable discretion in balancing these interests and determining whether to physically restrain a criminal defendant. *Id.*

The Court ordered Wilson and his co-defendants to be shackled after the Court received reports that the defendants were attempting to threaten and intimidate the trial witnesses. (*See Transcript of Motion Hearing*, CR-ECF No. 349 at 77). The Court also went through great lengths to ensure that the shackles were not visible to the jury by draping a cloth over the front of the defense table. In light of Wilson's criminal history, the number of defendants being tried, and the apparent safety concerns, the Court was permitted to exercise its discretion in ordering Wilson to be shackled. Wilson is not entitled to relief on claim two, as counsel's failure to raise the shackling issue on appeal did not cause prejudice.

### C. Claim Three – Failure to Appeal Sentencing Enhancement

Finally, Wilson alleges that his appellate counsel provided ineffective assistance by failing to appeal his sentencing enhancement. Specifically, Wilson argues that at least one of the 1997 felony convictions was obtained in violation of his Sixth Amendment right to counsel and therefore cannot be used for sentencing enhancement purposes. Wilson does not dispute that he

was convicted for felony cocaine possession twelve years before trial and sentencing. Wilson does, however, dispute whether he is procedurally barred from challenging the enhancement.

Subsection (e) of 21 U.S.C. § 851, titled "Statute of Limitations," states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). The "five year limitation is reasonably tailored to impose enhanced sentences on recidivists." *United States v. Williams*, 954 F.2d 668, 673 (11th Cir. 1992); *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990) Wilson's convictions occurred more than five years ago. Any challenge as to the validity of the convictions is thus time barred.

### CONCLUSION

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a 28 U.S.C. § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Wilson has failed to establish cause, prejudice or a fundamental miscarriage of justice to warrant vacature under 28 U.S.C. § 2255. The Motion to Vacate (CIV-ECF No. 1; CR-ECF No. 544) is therefore **DENIED**. The Clerk is directed to **CLOSE** this case. All pending motions are *denied as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 18TH day of June 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*